UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN PAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03101-JPH-MPB |
| ) | |
| WILLIAM WARD, ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
FILED BY DEFENDANT ZATECKY**

For the reasons explained in this Entry, defendant Zatecky's motion for summary judgment, dkt. [70], is **granted.**

## I. Background

Plaintiff Kevin Payton is a prisoner confined at the Pendleton Correctional Facility (PCF). He brings this 42 U.S.C. § 1983 civil rights action against Warden Dushan Zatecky and former Correctional Officer William Ward. Mr. Payton alleges that on November 16, 2016, Correctional Officer William Ward attacked him for no reason, causing serious physical injury. Mr. Payton alleges that Warden Zatecky hired Officer Ward and failed to provide a safe and secure environment for Mr. Payton in violation of the Eighth Amendment.

Warden Zatecky seeks resolution of the claim against him through summary judgment. Dkt. 70. Mr. Payton responded to the motion for summary judgment, dkt. 72, Warden Zatecky replied, dkt. 79, and Mr. Payton surreplied, dkt. 84. The motion is ripe for resolution.

## II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hospitals Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c)(1), the following facts are undisputed for purposes of the motion for summary judgment.

Mr. Payton testified in his deposition that on November 16, 2016, after he and Officer William Ward exchanged words, Officer Ward ran into Mr. Payton's cell, swung at him and kicked him in the groin. Dkt. 70-3 at 13-16. Before the date of this incident, Mr. Payton had never seen Officer Ward. *Id*. at 31. Officer Ward was employed as a correctional officer at PCF in 2016, but he was terminated on December 15, 2016. Dkt. 70-1, ¶ 5 (Aff. Zatecky).

### Defendant Zatecky's Responsibilities

Defendant Zatecky is employed by the State of Indiana in the Indiana Department of Correction (IDOC) as the Warden at PCF. Dkt. 70-1, ¶ 2. He has held that position since March 3, 2013, although the title of the position changed in 2017 from that of "Superintendent" to "Warden." *Id*. His primary duties and responsibilities include the overall management of the facility, directing programs and operations at the facility so they comply with policy guidelines of the IDOC, overseeing completion of the institution budget, and controlling the internal operations of the institution and management of the inmate population. Dkt. 70-1, ¶ 2; dkt. 70-2 at 1. One of the overall purposes of his position is to "supervise[] a large staff in maintaining and enforcing, disciplinary safety, security, and custodial measures.…" Dkt. 70-2 at 1.

Warden Zatecky's duties do not include hiring, screening, or performance of background checks on job applicants, including correctional officers or any other custody staff. Dkt. 70-1, ¶ 3; dkt. 70-2. Hiring decisions are the responsibility of the Deputy Warden and Human Resources representatives. Dkt. 70-1, ¶ 3.

### Warden Zatecky's Knowledge of any Danger

Warden Zatecky never personally witnessed or received any communications that Officer Ward was bullying or verbally or physically threatening Mr. Payton or other offenders. Dkt. 70-1, ¶ 6. Similarly, at no time on or before November 16, 2016, had Warden Zatecky ever witnessed anything or received any information from any source to lead him to suspect that Officer Ward might have violent tendencies or might have posed any danger of using excessive force against Mr. Payton or other offenders. *Id*.

Upon reviewing Officer Ward's personnel file, Warden Zatecky found no reports or complaints from on or before the November 16, 2016, incident, that Officer Ward had ever verbally or physically threatened Mr. Payton or any other offender at PCF. Dkt. 70-1, ¶¶ 6, 8.

**Employee Screening and Hiring Decisions at PCF**

Warden Zatecky did not participate in the pre-employment screening or background check that was performed on Officer Ward, nor did Warden Zatecky make the decision to hire Officer Ward. *Id*., ¶ 5. Deputy Warden Alsip and the facility's Human Resources representative Casey Spivey made the decision to hire William Ward at PCF. *Id.*

B. Discussion

Mr. Payton was a convicted prisoner at the time of the incident between him and Officer Ward. This means that the Eighth Amendment applies to his claims. *Estate of Clark v. Walker*, 865 F.3d 544, 546, n.1 (7th Cir. 2017) ("the Eighth Amendment applies to convicted prisoners"). He alleges that Warden Zatecky failed to protect him and to provide a safe environment, knowing that Officer Ward had a reputation for bullying inmates.

During his deposition, Mr. Payton testified he believes that "Warden Zatecky is responsible for everyone that works here and everyone that's housed here." Dkt. 70-3 at 29. He further testified that, "as the warden, he's [Zatecky's] responsible for everything that goes on at this prison." *Id*. at 30. When asked what he thought Warden Zatecky could have done to prevent the incident, he said, "I don't necessarily think he could've done something different." *Id*. at 33.

Mr. Payton argues that as Warden, Mr. Zatecky was responsible for providing a safe and secure prison. Dkt. 72 at 3. He argues that *respondeat superior* liability is available in § 1983 claims. *Id*. at 4. More specifically, he asserts that Warden Zatecky is liable as a municipality or corporation under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), presumably meaning that

4

there was a policy or custom that caused Mr. Payton's injury. None of these legal theories have merit.

A *Monell* claim cannot be brought against an individual in his individual capacity. *See Johnson v. Dykstra*, No. 3-17-CV-00071-PPS-MGG, 2019 WL 2270356, at *3 (N.D. Ind. May 24, 2019) ("Johnson has also brought '*Monell*' claims against Neal and Payne in their individual capacity. But this is an oxymoron. A party simply may not assert a *Monell* claim against prison officers in their individual capacities. Recall that under section 1983, only municipalities may be held liable for constitutional violations caused by their official policy including unwritten customs."). Even if the Court liberally construed Mr. Payton's claim as having also been brought against Warden Zatecky in his official capacity, an official capacity claim for damages would be barred by the Eleventh Amendment. *See Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001).

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Moreover, there is no *respondeat superior* liability here. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Individual liability "may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it. *Id.*

"Failure-to-protect claims are predicated on a prison official's subjective knowledge…."

5

*Sinn v. Lemmon*, 911 F.3d 412, 422 (7th Cir. 2018). Liability for failure to protect an inmate from an assault "depends on proof that there was an objectively serious threat of which the defendant was subjectively aware (or to which the defendant was deliberately indifferent)." *Horshaw*, 910 F.3d at 1028. In determining whether a prison official failed to protect an inmate, courts "must consider the context of the perceived threat as a whole, and whether the evidence, circumstantial, documentary or otherwise, was sufficient to indicate that the officials were aware of the substantial risk." *LaBrec v. Walker*, 948 F.3d 836, 843 (7th Cir. 2020).

The undisputed evidence demonstrates that Warden Zatecky was not involved in hiring Officer Ward, nor was he aware that he posed any risk of harm to Mr. Payton. Warden Zatecky did not condone or turn a blind eye to any danger and had no reason to suspect that a fight between the two men might occur. Indeed, Mr. Payton had never met Officer Ward before November 16, 2016, nor had he complained of any possible threat. There is no evidence of anything in the officer's background that should have tipped off the Warden or any other supervisor that he might become violent. The fight between the two men was not expected by anyone. While no one would debate that the State and its prison officials have a goal of maintaining a safe and secure environment for inmates and prison staff, this does not mean that prison wardens are thereby liable for any injury suffered by a prisoner while incarcerated.

There is no basis on which to find Warden Zatecky liable for any force used by Officer Ward against Mr. Payton. No reasonable jury could find otherwise. Therefore, Warden Zatecky is entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons discussed above, Warden Zatecky's motion for summary judgment, dkt. [70], is **GRANTED.**

No final judgment shall issue at this time because the claim against Officer Ward remains pending. The Magistrate Judge is requested to set this matter for a status conference with Mr. Payton and former Officer Ward to discuss the resolution of that claim.

**SO ORDERED.**

Date: 5/20/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN PAYTON
132744
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Jacob Robert Kovalsky
INDIANA ATTORNEY GENERAL
jacob.kovalsky@atg.in.gov

Magistrate Judge Matthew P. Brookman